# CILENTI & COOPER, PLLC
ATTORNEYS AT LAW
10 Grand Central
155 East 44th Street – 6th Floor
New York, New York 10017
____
Telephone (212) 209-3933
Facsimile (212) 209-7102

April 7, 2020

**BY ECF**

Hon. Sarah L. Cave, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re: *Ramirez v. Q Florist Inc., et al.*
> <u>Case No. 19-CV-7318 (SLC)</u>

Dear Judge Cave,

We are counsel to the plaintiff in the above-referenced matter, and jointly submit this letter together with defense counsel for the Court's assessment and approval of the settlement agreement ("Agreement") reached between the parties. The Agreement is being submitted contemporaneously with this letter, and the parties respectfully request that the Court approve the Agreement because it represents a fair resolution of this dispute, which was negotiated at arm's length between experienced counsel and with the assistance of a court-appointed mediator during a mediation conducted on February 18, 2020.

### I. *The Need for the Court's Approval of the Agreement*

As plaintiff's action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the parties' settlement must be approved by this Court. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015). The FLSA expressly prohibits settlement of any right to unpaid minimum wages or overtime claims by employees made pursuant to 29 U.S.C. §§ 206-07, without the supervision of the Secretary of Labor. *See* 29 U.S.C. §216(c) (noting that a supervised settlement agreement "shall constitute a waiver by such employee of any right he may have [to pursue a private cause of action under FLSA"]). Courts have allowed an additional exception to the FLSA's restriction on settlement to include judicially supervised stipulated settlements. *See D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Lynn's Food Stores, Inc. v. United States ex. Rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982); *Sampaio v. Boulder Rock Creek Developers, Inc.*, No. 07 Civ. 153, 2007 U.S. Dist. LEXIS 66013 (E.D.N.Y. Sept. 6, 2007).

## II.     *Plaintiff's Claims for Unpaid Wages*

Plaintiff is a former employee hired to work as a floral designer for the defendants' floral shop. Plaintiff alleges working for the defendants from in or about 2002 until in or about November 2018. Throughout the relevant limitations period, plaintiff contends that he worked five (5) days per week and, although his work shift fluctuated slightly each week, he alleges working approximately eleven (11) hours per day, and fifty-five (55) hours per week. Plaintiff would occasionally work six (6) days in a workweek, and during busy holiday seasons such as Valentine's Day and Mother's Day, he would work seven (7) days per week during the week preceding those holidays, often working in excess of seventy (70) hours in a week. Defendants' time records corroborate plaintiff's alleged work hours and, thus, is not a disputed issue.

With respect to his pay, plaintiff alleges being paid, in cash, on an hourly basis straight time for all hours worked. He alleges being paid as follows:

- August 2013 – December 2014: $11/hour[1]
- January 2015 – December 2016: $13/hour
- January 2017 – November 2018: $14/hour

Defendants did not maintain any payroll records in connection with plaintiff's pay, but the parties are in general agreement about the amount and method of payment the defendants made.

## III.     *The Agreement is Fair and Reasonable*

The parties represent to the Court that the settlement between the parties is a fair and reasonable resolution reached as a result of extensive arm's length negotiations. In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07 Civ. 86, 2008 U.S. Dist. LEXIS 20786, at *2 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores*, *supra*, 679 F. 2d at 1354)).

Here, this settlement was reached during mediation before the Court-appointed mediator, Julian Birnbaum, Esq., and, thus, as a result of extensive arm's length negotiations between counsel who are well versed in the prosecution and defense of wage and hour actions. Courts typically regard the adversarial nature of a litigated FLSA case to be an indicator of the fairness of the settlement. *See Aponte v. Comprehensive Health Management, Inc.*, No. 10 Civ. 4825, 2013 U.S. Dist. LEXIS 47637 at *9 (S.D.N.Y. Arp. 13, 2013).

As reflected in the attached Agreement, the parties have agreed to settle the case for a total of $30,000.00 to resolve all of plaintiff's wage and hour claims against the defendants,

---

[1] The relevant six (6) year limitations period on plaintiff's wage claims begins in August 2013.

which is to be paid over the course of seven (7) monthly installments commencing immediately upon the Court approving the terms of the Agreement.

Plaintiff calculated that had he prevailed at trial on *all* of his claims, they could have recovered approximately $16,900 in unpaid wages, with an equal amount in liquidated damages, together with statutory damages for the defendants' alleged failure to provide wage statements. Although it is plaintiff's contention that the defendants failed to provide him with written wage notices at any point throughout his employment, courts have determined that this New York Labor Law Regulation does not apply retroactively to employees who were hired prior to its implementation in 2011. Thus, plaintiff concedes that he would likely not be entitled to statutory damages despite the fact that the defendants did not provide him with wage notices.

However, unlike wage notice violations, employees who commenced their employment before the Wage Theft Prevention Act took effect in 2011 may still recover damages for wage statement violations occurring after its effective date. *See Gamero v. Koodoo Sushi Corp.*, 272 F. Supp. 3d 481, 510-11 (S.D.N.Y. 2017); *Bonn-Wittingham v. Project O.H.R., Inc.*, No. 16 Civ. 541, 2016 WL 7243541, at *8 (E.D.N.Y. Dec. 14, 2016); *Carter v. Tuttnaeur U.S.A. Co.*, 78 F. Supp. 3d 564, 570 (E.D.N.Y. 2015). Here, because the defendants did not provide plaintiff with weekly wage statements upon paying his cash wages, plaintiff is entitled to statutory damages in the amount of $5,000. Therefore, in total, plaintiff believes he would have recovered a maximum amount of approximately $38,800.

The critical reason for settling now is threefold: First, the defendants argue that plaintiff stole approximately $3,000 in petty cash from the defendants, as well as a family heirloom of great sentimentality to the defendants. Plaintiff vehemently disputes this allegation, and there is no demonstrable proof to support the defendants' contentions. However, as part of this settlement, the defendants are providing a general release to the plaintiff, and have agreed to not pursue any criminal or civil actions against the plaintiff. Second, defendant Nikolaos Bazas is retiring from the business and his son, defendant Constantine Bazas, is taking over the business. However, due to increased competition, Constantine intends to change the business from a brick and mortar to an online only enterprise. It is unknown how this change will affect the business going forward, but the quick payment period is intended to insulate plaintiff from any future financial problems that the defendants many encounter. And, third, plaintiff is receiving more than his underlying unpaid wages even after attorneys' fees are accounted for, while enabling the parties to avoid the risks inherent in any trial.

### IV. *Application for Attorneys' Fees*

"Where plaintiffs obtain a favorable settlement in an action brought pursuant to the FLSA, they constitute prevailing parties and are entitled to attorneys' fees." *Babayeva v. Halstead Managing Corp.*, No. 16 Civ. 3794, 2018 U.S. Dist. LEXIS 195229, at *9 (S.D.N.Y. Nov. 15, 2018) (*quoting Andrews v. City of New York*, 118 F. Supp. 3d 630, 634-35 (S.D.N.Y. 2015)).

Pursuant to this firm's retainer agreement with plaintiff (copy attached), our firm is to retain one-third the net proceeds of the settlement after costs ($620 for filing and service) are deducted. Thus, plaintiff's counsel requests a fee award of $9,792.35 in fees, plus $620 in costs, for a total fee application of $10,412.35, which is less than the firm's lodestar. A contingency fee is presumptively valid where 'the proposed fee is exactly one-third of the net settlement amount, which is routinely approved under the percentage method' in this District, 'particularly where it is pursuant to a previously negotiated settlement agreement.'" *Babayeva*, 2018 U.S. Dist. LEXIS 195229, at *10 (*quoting Yunjian Lin v. Grand Sichuan 74 St. Inc.*, No. 15 Civ. 2950, 2018 U.S. Dist. LEXIS 110266, at *15-16 (S.D.N.Y. July 2, 2018)). As such, the amount requested here, as one-third of the gross settlement amount (without deduction for costs) is presumptively valid and, thus, should be approved.

To date, plaintiffs' counsel has expended in excess of $14,000 in fees. Our billing rate on this matter is $400 per hour, which has been routinely approved as reasonable by the Courts within this District. *See Chirix, et al. v. Lupe's East L.A. Kitchen, Inc., et al.*, No. 18 Civ. 819 (DCF) (S.D.N.Y. July 19, 2019); *Castaneda, et al. v. Natural Crop Inc., et al.*, No. 17 Civ. 4258 (PK) (E.D.N.Y. Jan. 8, 2019); *Garcia, et al. v. Good For Life by 81 Inc., et al.*, No. 17 Civ. 7228 (BCM) (S.D.N.Y. July 12, 2018); *Rescalvo v. BTB Events & Celebrations Inc.*, No. 16 Civ. 7647 (PAE) (S.D.N.Y. Jan. 24, 2018); *Gonzalez, et al. v. Crosstown Diner Corp., et al.;* No. 16 Civ. 2544 (BCM) (S.D.N.Y. 2017); *Sierra v. Skyline Gourmet Deli*, No. 15 Civ. 3319 (SN) (S.D.N.Y. 2016); *Romero v. Lu Woodside Mini Mall, Inc.*, No. 15 Civ. 5030 (PK) (E.D.N.Y. 2016); *Catalan, et al. v. H&H Kim Corp., et al.*, No. 15 Civ. 7443 (DCF) (S.D.N.Y. 2016).

For all of the reasons set forth above, the parties request that the Court approve the Agreement and enter the proposed Stipulation and Order of Dismissal that is being submitted simultaneously herewith, which expressly provides that the Court will retain jurisdiction over this matter solely for purposes of enforcing the Agreement.

We thank the Court for its continued attention to this matter.

Respectfully submitted,

Justin Cilenti

cc: Stephen D. Hans, Esq. (by ECF)