UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PEDRO VIVAR RAMIREZ, on behalf of himself : Case No. 19-CV-7318
and others similarly situated, : (SLC)
:
    Plaintiff, :
:
    -against- :
:
QFLORIST INC., NIKOLAOS BAZAS, STACEY :
FRANGIADAKIS, and CONSTANTINE BAZAS, :
:
    Defendants. :
------------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE
## OF WAGE AND HOUR CLAIMS

This Settlement Agreement and Release of Wage and Hour Claims ("Agreement"), is entered into by and between Pedro Vivar Ramirez (hereinafter referred to as "Plaintiff" or "Releasor"), and QFlorist Inc., and each of its parent companies and any of its subsidiaries, divisions, related companies, and its predecessors, successors, assigns, current or former employees, agents, shareholders, officers, directors and representatives, and Nikolaos Bazas, Stacey Frangiadakis, and Constantine Bazas (collectively, the "Defendants") (Plaintiff and Defendants collectively referred to herein as the "Parties").

WHEREAS, on August 6, 2019, Plaintiff filed suit for damages titled *Pedro Vivar Ramirez v. QFlorist Inc., et al.,* in the United States District Court for the Southern District of New York, Civil Action No. 19-CV-7318, alleging claims for, among other things, unpaid overtime compensation due under the federal Fair Labor Standards Act and New York State Labor Law (the "Complaint"); and,

WHEREAS, the Defendants have contested the claims set forth in the Complaint and deny any and all liability; and,

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Agreement, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

### A. Consideration

1. In exchange for the promises contained in this Agreement, the Defendants, in accordance with the terms of this Agreement, shall pay to Plaintiff the total settlement amount of Thirty Thousand Dollars ($30,000.00) (the "Settlement Sum"), which shall be paid as follows:

> **FIRST PAYMENT: On or before March 1, 2020**, the Defendants shall issue a check in the amount of Five Thousand Dollars ($5,000.00).
>
> **PAYMENTS 2-7:** On the 1st day of every month following the First Payment (or on the next business day should the 1st of the month fall on a weekend or holiday), the Defendants shall issue six (6) consecutive and equal monthly installment payments in the amount of Four Thousand One Hundred Sixty-Six Dollars and 67/100 ($4,166.67) until the Settlement Sum is paid in full.

2. The settlement payments described in Paragraph A(1) shall be paid to Plaintiff in exchange for full and complete settlement of any and all wage and hour claims or potential wage and hour claims between the Parties, including but not limited to those arising from, involving or relating to Plaintiff's claims in the Complaint, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs.

3. The payments set forth in Paragraph A(1) shall be paid initially by Defendants to Defendants' counsel, Stephen D. Hans, Esq., which shall then be deposited into counsel's escrow account before payment is made to Plaintiff by attorney check. Defendants shall make all payments to Defendants' counsel on or before the 1st day of each month as the payment becomes due *regardless of whether or not the Court has previously approved this Agreement as fair and reasonable and dismissed the action.* Defense counsel shall hold all

2

payments in escrow until such time as the Court approves the Agreement and dismisses the action, at which time defense counsel shall immediately issue a check in accordance with Paragraph A(4) herein for all amounts held in escrow at the time of approval.

4.     The payments set forth in Paragraph A(1) shall be made payable to "Cilenti & Cooper, PLLC, as attorneys," and shall be sent to Justin Cilenti of Cilenti & Cooper, PLLC, 10 Grand Central, 155 East 44th Street, 6th Floor, New York, New York 10017, so as to be received no later than the dates indicated above.

**B.     Default**

In the event that the Defendants fail to make the settlement payments in a timely manner pursuant to Paragraph A(1) of this Agreement, Plaintiff shall provide notice of the default by facsimile and email to counsel for the Defendants: Stephen D. Hans, Esq., Stephen D. Hans & Associates, P.C., 30-30 Northern Boulevard, Suite 401, Long Island City, New York 11101, Facsimile (718) 275-6704, shans@hansassociates.com. The Defendants will then have ten (10) days from the date of receipt of such notice within which to cure the default. If the default is not cured within such time, the entire amount remaining to be paid shall become due and owing as of the 11th day following receipt of said notice, together with liquidated damages in the amount of Twenty Thousand Dollars ($20,000.00), as well as interest to commence as of that date at a rate of 9% per annum on the remaining amount to be paid under this Agreement. Plaintiff shall have the right to enforce immediate payment of all remaining unpaid portions of the Agreement, including having judgment entered against the Defendants, jointly and severally, and to recover reasonable attorneys' fees, costs and disbursements incurred in enforcing in Court the payment obligations under this Agreement.

C.  **Wage & Hour Release by Plaintiff**

In consideration of the promises, payments and actions of the Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges the Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands concerning wage and hour matters including any and all claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expense reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with the Defendants and any other compensation or, wages. This release is limited solely and only to claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for the Defendants and it does not release or discharge any claims that may occur after that date.

D.  **General Release by Defendants**

In consideration of the promises, payments and actions of the Plaintiff set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Defendants, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, knowingly and voluntarily release and forever discharge relieve, waive, and relinquish the Plaintiff from all civil and criminal actions, causes of action,

suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands of any kind whatsoever, whether known or unknown, that Defendants have or may have against Plaintiff as of the date of execution of this Agreement whether based on common law or otherwise.

### E. Agreement To Refrain From Filing Claims

Plaintiff represents that he has not filed any other lawsuit or initiated any other proceeding against any of the Defendants, except the federal Complaint released herewith. Plaintiff also agrees that, so long as the Defendants make full payment as set forth in this Agreement, he will not bring any lawsuit or initiate any proceeding for any claim waived in any paragraph of this Agreement, and agrees, further, not to permit anyone else to do so on his behalf, to the maximum extent possible under applicable law.

### F. Judicial Review/Dismissal of the Complaint

Contemporaneously with the execution of this Agreement, the Parties, by their respective counsel, shall execute a Stipulation and Order of Dismissal dismissing the Complaint with prejudice, which Stipulation and Order shall expressly provide that, with the Court's consent, the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement. The parties agree to submit this Agreement, together with the proposed Stipulation and Order of Dismissal and the Confessions of Judgment, to the Court for Judicial review and approval.

G. **Representations and Acknowledgements**

1. Plaintiff represents that he has consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between his attorneys and the attorneys for the Settling Defendants. Plaintiff further represents that:

(a) He has reviewed each and every provision of this Agreement;

(b) The Agreement has been explained to him by his attorneys;

(c) He fully understands this Agreement, including the release of claims.

2. Plaintiff also represents that he voluntarily and knowingly enters into this Agreement of his own free will.

3. Plaintiff further represent that neither the Defendants nor any of their agents, representatives or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein, that his decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this document, and that he has been fairly represented by his attorneys throughout these proceedings.

H. **Non-Admissions**

1. Plaintiff agrees that the Defendants are entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation. Plaintiff understands that by entering into this Agreement, the Defendants do not acknowledge or admit in any way that Plaintiff's claims in the Complaint have any merit, or that the Defendants engaged in any wrongdoing against Plaintiff or violated any federal, state or local law, statute, order, ordinance, rule, regulation, or contract or common law requirement, duty, or obligation.

2. Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiff in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of the Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of the Defendants that Plaintiff has suffered any damage. Additionally, Plaintiff agrees that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

I. **Attorneys' Fees and Costs**

The Parties are responsible for their own attorneys' fees and costs in connection with this matter.

J. **Complete Agreement**

This Agreement constitutes the full and complete agreement between the parties and fully supersedes any and all prior agreements, commitments or understandings between the parties pertaining to the subject matter thereof.

K. **Additional Terms**

1. This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of said State. The parties hereby consent to the jurisdiction of the United States District Court for the Southern District of New York in connection with any dispute concerning this Agreement.

  2. The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

  3. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain fully enforceable.

  4. This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by the parties or authorized representatives of the parties. This Agreement may not be modified orally.

**L.** **Counterparts**

To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

[Remainder of Page Intentionally Left Blank]

WHEREFORE, the parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein.

By: _____
Pedro Vivar Ramirez

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK   )

On the 26th day of February 2020, before me personally came Pedro Vivar Ramirez to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this 26th
day of February 2020

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6251084
Qualified in New York County
Commission Expires May 3, 2025

[Remainder of Page Intentionally Left Blank]

By: _____
      Nikolaos Bazas

STATE OF NEW YORK   )
                                  )ss.:
COUNTY OF _____   )

On the 27 day of February 2020, before me personally came Nikolaos Bazas to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this
day of February 2020

_____
Notary Public

STEPHEN D. HANS
Notary Public, State of New York
No. 02HA4658402
Qualified in Queens County
Commission Expires June 30, 2023

By: _____
      Stacey Frangiadakis

STATE OF NEW YORK   )
                                  )ss.:
COUNTY OF _____   )

On the 27 day of February 2020, before me personally came Stacey Frangiadakis to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that she executed the same.

Sworn to before me this
day of February 2020

_____
Notary Public

STEPHEN D. HANS
Notary Public, State of New York
No. 02HA4658402
Qualified in Queens County
Commission Expires June 30, 2023

By: _____

10

Constantine Bazas

STATE OF NEW YORK )
)ss.:
COUNTY OF ~~Q~~ Merl )

On the 2~~7~~ day of ~~February~~ 2020, before me personally came Constantine Bazas to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this ___
day of ~~February~~ 2020
Merl  10  2020

_____
Notary Public

STEPHEN D. HANS
Notary Public, State of New York
No. 02HA4658402
Qualified in Queens County
Commission Expires June 30, 2023

QFlorist Inc.

By: _Nikolaos Bazas_____

_President_____
[Print Name and Title]