UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEDRO VIVAR RAMIREZ,

                Plaintiff,

against

QFLORIST INC., et al.,

                Defendants.

CIVIL ACTION NO.: 19 Civ. 7318 (SLC)

**ORDER APPROVING SETTLEMENT**

**SARAH L. CAVE**, United States Magistrate Judge.

The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement (ECF No. 12), and have now submitted a joint Letter-Motion in support of settlement (ECF No. 16) attaching the proposed settlement agreement for the Court's review approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are not in as good a position as the parties to determine the reasonableness of a FLSA settlement." Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).

In addition, should the settlement not be consummated, certain of the Defendants may face difficult financial circumstances exacerbated by the financial downturn resulting from the COVID-19 Pandemic. These circumstances, therefore, also "militate[] in favor of finding a settlement reasonable." Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013); see also Hart v. RCI Hosp. Holdings, Inc., No. 09 Civ. 3043 (PAE), 2015 WL 5577713, at *10

(S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").]

Having carefully reviewed the joint Letter-Motion in support of settlement, the settlement agreement, which the parties reached through court-ordered mediation, the Court finds that all of the terms of the proposed settlement, including the allocation of attorneys' fees and costs, appear to be fair and reasonable under the totality of the circumstances and in light of the factors enumerated in Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Accordingly, the Court approves the settlement.

This action is dismissed with prejudice and without costs except as stated in the settlement agreement.  The Court will retain jurisdiction to enforce the settlement agreement.

The Clerk of Court is respectfully requested to close this case.

Dated:      New York, New York                                  SO ORDERED
            April 20, 2020

_____
SARAH L. CAVE
United States Magistrate Judge